CLERKS OFFICE U.S. DIST. COURT
AT ABINGDON, VA
FILED

December 13, 2024

LAURA A. AUSTIN, CLERK
BY: s/ FELICIA CLARK
DEPUTY CLERK

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF VIRGINIA**
**ABINGDON**

UNITED STATES OF AMERICA    :
    :
v.    :  **No.**  1:24CR45
    :
MARTIN ERIC ELLING    :

## PLEA AGREEMENT

I have agreed to enter into a plea agreement with the United States Attorney's Office for the Western District of Virginia, the United States Attorney's Office for the District of Massachusetts, and the United States Department of Justice's Consumer Protection Branch (collectively "the United States"), pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure. The terms and conditions of this agreement are as follows:

## A. CHARGE TO WHICH I AM PLEADING GUILTY AND WAIVER OF RIGHTS

### 1. The Charge and Potential Punishment

My attorneys have informed me of the nature of the charge and the elements of the charge that must be proved by the United States beyond a reasonable doubt before I could be found guilty as charged.

I will enter a plea of guilty to Count 1 of an Information, which is a charge brought by the United States Attorney as opposed to one returned by a Grand Jury. I am waiving and giving up my right to be charged by indictment and have a Grand Jury vote on my probable guilt. I agree to venue of the case in the Western District of Virginia and knowingly waive any applicable statute of limitations and any legal or procedural defects in the Information.

Count 1 charges me with knowingly destroying documents and tangible objects with the intent to impede, obstruct, and influence the investigation and proper administration of a matter within the jurisdiction of the United States Department of Justice, in violation of 18 U.S.C. § 1519. The maximum statutory penalty is a fine of $250,000 and/or imprisonment for a term of twenty years, plus a term of supervised release of three years.

*Defendant's Initials:* _ME_

I understand fees may be imposed to pay for incarceration, supervised release, and costs of prosecution. In addition, a $100 special assessment, pursuant to 18 U.S.C. § 3013, will be imposed per felony count of conviction. I further understand my supervised release may be revoked if I violate its terms and conditions. I understand a violation of supervised release increases the possible period of incarceration.

I am pleading guilty as described above because I am in fact guilty and because I believe it is in my best interest to do so and not because of any threats or promises not set forth in this agreement.

## 2. **Waiver of Constitutional Rights Upon a Plea of Guilty**

I acknowledge I have had all of my rights explained to me and I expressly recognize I have the following constitutional rights and, by voluntarily pleading guilty, I knowingly waive and give up these valuable constitutional rights:

   a. The right to plead not guilty and persist in that plea;
   b. The right to a speedy and public jury trial;
   c. The right to assistance of counsel at that trial and in any subsequent appeal;
   d. The right to remain silent at trial;
   e. The right to testify at trial;
   f. The right to confront and cross-examine witnesses called by the government;
   g. The right to present evidence and witnesses in my own behalf;
   h. The right to compulsory process of the court;
   i. The right to compel the attendance of witnesses at trial;
   j. The right to be presumed innocent;
   k. The right to a unanimous guilty verdict; and
   l. The right to appeal a guilty verdict.

## B. **SENTENCING PROVISIONS**

### 1. **General Matters**

Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the United States and I agree I shall be sentenced within the range of zero months to twelve months' imprisonment. The parties agree this is a reasonable sentence considering all of the facts and circumstances of this case. I understand the Court must sentence me within this range or reject the plea agreement. If, and only if, the Court rejects the plea agreement, I will be given an opportunity to withdraw my guilty plea. If the Court

*Defendant's Initials:* _____

rejects the plea agreement, and I withdraw my guilty plea, the parties agree that this plea agreement or any statements made in connection with this plea agreement are inadmissible in any other proceeding or investigation. The United States and I agree all remaining sentencing matters, including, but not limited to, supervised release and fines, are left to the Court's discretion. Because the parties have stipulated the agreed to sentence is reasonable regardless of the guidelines calculations, I waive any right I may have to any future reduction in sentence based on a change in the sentencing guidelines.

I understand I will have an opportunity to review a copy of my presentence report in advance of my sentencing hearing and may file objections, as appropriate. I will have an opportunity at my sentencing hearing to present evidence, bring witnesses, cross-examine any witnesses the government calls to testify, and argue to the Court what an appropriate sentence should be within the confines of the terms of this agreement.

I understand I retain my right to seek a non-incarcerative sentence of probation and the United States retains the right to ask for a sentence of imprisonment not to exceed twelve months.

I understand I will not be eligible for parole during any term of imprisonment imposed.

## 2.  Sentencing Guidelines

I agree to accept responsibility for my conduct. If I comply with my obligations under this plea agreement and accept responsibility for my conduct, the United States will recommend the Court grant me a two-level reduction in my offense level, pursuant to U.S.S.G. § 3E1.1(a). However, I stipulate that if, as determined by the Court, I fail to accept responsibility for my conduct or fail to comply with any provision of this plea agreement, I should not receive credit for acceptance of responsibility.

The parties agree the 2024 edition of the United States Sentencing Guidelines Manual applies to any guidelines calculation made pertaining to my offense. The guidelines calculations for this offense are as set forth below:

| 2J1.2 | | 14 | Base Offense Level |
|---|---|---|---|
| 3E1.1 | - | 2 | Acceptance of Responsibility |
| 4C1.1 | - | 2 | Adjustment for Zero Point Offenders |

Accordingly, with a Criminal History Category of I, and a Total Offense Level of 10, the applicable guidelines range is in Zone B of the Sentencing Table and is imprisonment for a term of six to twelve months. For ranges within Zone B, a guidelines sentence includes a sentence of

*Defendant's Initials:* _ME_

imprisonment or a sentence of probation that includes intermittent confinement, community confinement, or home detention as a substitute for imprisonment. With a Criminal History Category of I, and a Total Offense Level of 10, the applicable guidelines fine range is $4,000 to $40,000. I understand the United States will recommend a fine of $250,000 and a sentence within the guidelines range of imprisonment of six to twelve months. I retain the right to ask for a non-incarcerative sentence of probation.

### 3.  Special Assessments, Fines and Restitution

I understand persons convicted of crimes are required to pay a mandatory assessment of $100.00 per felony count of conviction. The parties agree that no restitution or forfeiture is applicable to this offense.

In advance of providing financial information to the United States Probation Office and recognizing that the statutory maximum fine is $250,000, I agree I will submit to the U.S. Clerk's Office, at the time I enter my guilty plea, a certified check, money order, or attorney's trust check, made payable to the "Clerk, U.S. District Court" in the amount of $250,100.00 to be credited toward the fine and assessment. I retain the right to argue that a fine below the statutory maximum should be ordered. Any payments made in excess of what is ordered by the Court will be refunded to me, without interest.

### 4.  Factual Basis for the Plea of Guilty

I agree the facts set forth in the Information to which I am pleading guilty are true and correct and set forth a sufficient factual basis for my plea of guilty.

## C.  ADDITIONAL MATTERS

### 1.  Waiver of Right to Appeal

Knowing that I have a right of direct appeal of my sentence under 18 U.S.C. § 3742(a) and the grounds listed therein, I expressly waive the right to appeal my sentence within the agreed upon range of zero to twelve months on those grounds or on any ground. In addition, I hereby waive my right of appeal as to any and all other issues in this matter and agree I will not file a notice of appeal on any such grounds. By signing this agreement, I am explicitly and irrevocably directing my attorneys not to file a notice of appeal for any sentence within zero to twelve months. *Notwithstanding any other language to the contrary, I am not waiving my right to appeal or to have my attorneys file a notice of appeal, as to any issue which cannot be waived, by law.* I understand the United States expressly reserves all of its rights to appeal but

*Defendant's Initials:* _____

agrees it will not appeal any sentence imposed within the agreed to 11(c)(1)(C) range so long as I do not appeal the sentence imposed. **I agree and understand if I file any court document (except for an appeal based on an issue that cannot be waived, by law, or a collateral attack based on ineffective assistance of counsel, or for a sentence outside zero to twelve months) seeking to disturb, in any way, any order imposed in my case such action shall constitute a failure to comply with a provision of this agreement.**

## 2.  Waiver of Right to Collaterally Attack

I waive any right I may have to collaterally attack a judgment and sentence within the agreed upon range of zero to twelve months, in any future proceeding, unless such attack is based on ineffective assistance of counsel, and agree I will not file any document which seeks to disturb any such judgment or order, unless such filing is based on ineffective assistance of counsel. **I agree and understand that if I file any court document (except for an appeal based on an issue not otherwise waived in this agreement; an appeal based on an issue that cannot be waived, by law; a collateral attack based on ineffective assistance of counsel; or for a sentence outside zero to twelve months) seeking to disturb, in any way, any judgment, sentence, or order imposed in my case, such action shall constitute a failure to comply with a provision of this agreement.**

## 3.  Information Access Waiver

I knowingly and voluntarily agree to waive all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. §552, or the Privacy Act of 1974, 5 U.S.C. §552a.

## 4.  Waiver of Witness Fee

I agree to waive all rights, claims or interest in any witness fee I may be eligible to receive pursuant to 28 U.S.C. § 1821, for my appearance at any Grand Jury, witness conference or court proceeding.

## 5.  Abandonment of Seized Items

By signing this plea agreement, I hereby abandon my interest in, and consent to the official use, destruction or other disposition of each item obtained by any law enforcement agency during the course of the investigation, unless such item is specifically provided for in

*Defendant's Initials:* _____

another provision of this plea agreement. I further waive any and all notice of any proceeding to implement the official use, destruction, abandonment, or other disposition of such items.

## 6. Appearance and Travel

I currently reside outside the United States. I agree to voluntarily return to the United States for my guilty plea, sentencing, and service of any sentence of imprisonment imposed. I understand that whether I will be allowed to leave the United States after my guilty plea and return prior to sentencing is left to the Court's discretion, but, if I voluntarily travel to the United States for the entry of my guilty plea at a date mutually agreed upon by my counsel and the United States, and I take no action that raises a concern of flight or danger to the community, the United States will take no position on my request for bond conditions that allow me to leave and return to the United States prior to sentencing.

I agree if I am sentenced to imprisonment, I will surrender all of my passports and not leave the United States after sentencing until I have served any sentence of imprisonment imposed. The United States agrees if I am sentenced to imprisonment and I comply with all my conditions of release and take no action that raises a concern of flight or danger to the community, it will not oppose my request that I be permitted to surrender voluntarily to the institution designated by the Bureau of Prisons.

## 8. Additional Obligations

I agree not to commit any of the following acts:

- attempt to withdraw my guilty plea, unless the Court rejects the plea agreement;
- deny I committed any crime to which I have pled guilty;
- make or adopt any arguments or objections to the presentence report that are inconsistent with this plea agreement;
- obstruct justice;
- fail to comply with any provision of this plea agreement;
- commit any other crime;
- make a false statement; or
- fail to enter my plea of guilty when scheduled to do so, unless a continuance is agreed to by the United States and granted by the Court.

## D. REMEDIES AVAILABLE TO THE UNITED STATES

I hereby stipulate and agree that the United States may, at its election, pursue any or all

*Defendant's Initials:* /////

of the following remedies if I fail to comply with any provision of this agreement or if the Court rejects this plea agreement: (a) declare this plea agreement void; (b) refuse to dismiss any charges; (c) reinstate any charges dismissed or as to which I pled guilty to a lesser included offense; (d) file new charges concerning the matters involved in the instant investigation; (e) withdraw any substantial assistance motion made, regardless of whether substantial assistance has been performed; (f) refuse to abide by any provision, stipulations, and/or recommendations contained in this plea agreement; or (g) take any other action provided for under this agreement or by statute, regulation or court rule. I hereby waive any statute of limitations defense (as to any charge for which the statute of limitations had not run prior to the signing of this agreement), and any double jeopardy, speedy trial, or undue delay defense I may have as to any reinstated, newly-filed, or non-dismissed charges described in this paragraph. I agree the provisions of this section are contractual obligations between the United States and me that are severable from the plea agreement and survive any Court's rejection of the plea agreement.

In addition, I agree if, for any reason, my conviction is set aside, or I fail to comply with any obligation under the plea agreement, the United States may file, by indictment or information, any charges against me which were filed and/or could have been filed concerning the matters involved in the instant investigation. I hereby waive my right under Federal Rule of Criminal Procedure 7 to be proceeded against by indictment and consent to the filing of an information against me concerning any such charges. I also hereby waive any statute of limitations defense as to any such charges for which the statute of limitations had not run prior to the signing of this agreement.

The remedies set forth above are cumulative and not mutually exclusive. The United States' election of any of these remedies, other than declaring this plea agreement void, does not, in any way, terminate my obligation to comply with the terms of the plea agreement. The use of "if" in this section does not mean "if, and only if."

## E. **GENERAL PROVISIONS**

### 1. **Limitation of Agreement**

This agreement only binds the United States Attorney's Office for the Western District of Virginia, the United States Attorney's Office for the District of Massachusetts, and the United States Department of Justice's Consumer Protection Branch. It does not bind any state or local prosecutor, other United States Attorney's Office or other office or agency of the United States Government, including, but not limited to, the Tax Division of the United States Department of Justice or the Internal Revenue Service of the United States Department of the Treasury. These individuals and agencies remain free to prosecute me for any offense(s) committed within their

*Defendant's Initials:* _____

respective jurisdictions, and I preserve all defenses concerning such offenses, including any available defense that the statutes of limitations have expired as to such offenses.

## 2. Effect of My Signature

I understand my signature on this agreement constitutes a binding offer by me to enter into this agreement. I understand the United States has not accepted my offer until it signs the agreement.

I confirm that while I considered signing this Agreement, and at the time I signed it, I was not under the influence of any alcohol, drug, or medicine that would impair my ability to understand the agreement.

## 3. Effective Representation

I have discussed the terms of the foregoing plea agreement and all matters pertaining to the charges against me with my attorneys and am fully satisfied with my attorneys and my attorneys' advice. At this time, I have no dissatisfaction or complaint with my attorneys' representation. I agree to make known to the Court no later than at the time of sentencing any dissatisfaction or complaint I may have with my attorneys' representation.

## 4. Misconduct

If I have any information concerning any conduct of any government attorney, agent, employee, or contractor which could be construed as misconduct or an ethical, civil, or criminal violation, I agree to make such conduct known to the United States and the Court, in writing, as soon as possible, but no later than my sentencing hearing.

## 5. Completion of Prosecution

The United States agrees that if I comply with my obligations under this plea agreement, it will not prosecute me or seek forfeiture or other monetary penalties or judgments against me, beyond those imposed by the Court at my sentencing hearing in connection with this plea agreement, for any criminal or civil conduct occurring prior to the execution date of this agreement and that was encompassed by the United States' investigation that led to this agreement and the facts known to the United States regarding my work for McKinsey with opioid manufacturers.

*Defendant's Initials:* ___

## 6. **Final Matters**

I understand a thorough presentence investigation will be conducted and sentencing recommendations independent of the United States will be made by the presentence preparer, which the Court may adopt or take into consideration. I understand any calculation regarding the guidelines by the United States or by my attorneys is speculative and is not binding upon the Court, the Probation Office or the United States. No guarantee has been made by anyone regarding the effect of the guidelines on my case.

I understand the prosecution will be free to allocute or describe the nature of this offense and the evidence in this case and make any recommendations to the extent they are not inconsistent with the terms of this agreement.

I understand the United States retains the right, notwithstanding any provision in this plea agreement, to inform the Probation Office and the Court of all relevant facts, to address the Court with respect to the nature and seriousness of the offense, to respond to any questions raised by the Court, to correct any inaccuracies or inadequacies in the presentence report and to respond to any statements made to the Court by or on behalf of me.

I willingly stipulate there is a sufficient factual basis to support each and every material factual allegation contained within the Information to which I am pleading guilty. I understand this agreement does not apply to any crimes or charges not addressed in this agreement.

I understand my attorneys will be free to move to correct any inaccuracies or inadequacies in the presentence report, inform the Probation Office and the Court of all relevant facts, address the Court with respect to the offense, argue any mitigating factors on my behalf, respond to any questions raised by the Court, and respond to any statements made to the Court by or on behalf of me, to the extent they are not inconsistent with the terms of this agreement. I understand I will have an opportunity to personally address the Court prior to sentence being imposed, should I so choose.

This writing sets forth the entire understanding between the parties and constitutes the complete plea agreement between the United States and me, and no other additional terms or agreements shall be entered except and unless those other terms or agreements are in writing and signed by the parties. This plea agreement supersedes all prior understandings, promises, agreements, or conditions, if any, between the United States and me.

I have consulted with my attorneys and fully understand all my rights. I have read this

*Defendant's Initials:* ____

plea agreement and carefully reviewed every part of it with my attorneys. I understand this agreement and I voluntarily agree to it. I have not been coerced, threatened, or promised anything other than the terms of this plea agreement, described above, in exchange for my plea of guilty. Being aware of all of the possible consequences of my plea, I have independently decided to enter this plea of my own free will, and am affirming that agreement on this date and by my signature below.

Date: _____12/9/24_____          _____
                                 **Martin E. Elling, Defendant**

    We have fully explained all rights available to our client with respect to the offense listed in the pending charging document. We have carefully reviewed every part of this plea agreement with our client. To our knowledge, our client's decision to enter into this agreement is an informed and voluntary one.

**Counsel for Martin Elling:**

Date: _____12/10/24_____          _____
                                 Marjorie J. Peerce, Esq.

Date: _____          _____
                                 John F. Hundley, Esq.

Date: _____          _____
                                 Thomas J. Bondurant, Jr., Esq.

*Defendant's Initials:* _____

plea agreement and carefully reviewed every part of it with my attorneys. I understand this agreement and I voluntarily agree to it. I have not been coerced, threatened, or promised anything other than the terms of this plea agreement, described above, in exchange for my plea of guilty. Being aware of all of the possible consequences of my plea, I have independently decided to enter this plea of my own free will, and am affirming that agreement on this date and by my signature below.

Date: _____      _____
                                    **Martin E. Elling, Defendant**

We have fully explained all rights available to our client with respect to the offense listed in the pending charging document. We have carefully reviewed every part of this plea agreement with our client. To our knowledge, our client's decision to enter into this agreement is an informed and voluntary one.

**Counsel for Martin Elling:**

Date: _____      _____
                                    Marjorie J. Peerce, Esq.

Date: _12/09/2024_____      _____
                                    John F. Hundley, Esq.

Date: _____      _____
                                    Thomas J. Bondurant, Jr., Esq.

*Defendant's Initials:* _____

plea agreement and carefully reviewed every part of it with my attorneys. I understand this agreement and I voluntarily agree to it. I have not been coerced, threatened, or promised anything other than the terms of this plea agreement, described above, in exchange for my plea of guilty. Being aware of all of the possible consequences of my plea, I have independently decided to enter this plea of my own free will, and am affirming that agreement on this date and by my signature below.

Date: _____        _____

                                          **Martin E. Elling, Defendant**

       We have fully explained all rights available to our client with respect to the offense listed in the pending charging document. We have carefully reviewed every part of this plea agreement with our client. To our knowledge, our client's decision to enter into this agreement is an informed and voluntary one.

**Counsel for Martin Elling:**

Date: _____        _____

                                          Marjorie J. Peerce, Esq.

Date: _____        _____

                                          John F. Hundley, Esq.

Date: _____December 9, 2024_____        _____

                                          Thomas J. Bondurant, Jr., Esq.

*Defendant's Initials:* _____

The United States Attorney's Office for the Western District of Virginia:

BY: _____          December 13, 2024

    Christopher R. Kavanaugh                      Date
    United States Attorney

_____          _____

KRISTEN M. ECHEMENDIA                      RANDY RAMSEYER
*Senior Trial Counsel*                       *Assistant United States Attorney*
*Department of Justice, Civil Division*
*Commercial Litigation Branch*

_____          _____

KIMBERLY M. BOLTON                         KRISTIN L. GRAY
*Special Assistant United States Attorney*   *Special Assistant United States Attorney*
*Assistant Attorney General*                 *Assistant Attorney General*
*Medicaid Fraud Control Unit*                *Medicaid Fraud Control Unit*
*Virginia Office of the Attorney General*    *Virginia Office of the Attorney General*


The United States Attorney's Office for the District of Massachusetts:

BY: _____          12/11/24
    Joshua S. Levy                               Date
    *United States Attorney*

_____          _____

AMANDA MASSELAM STRACHAN      WILLIAM B. BRADY
*Chief, Criminal Division*                   *Assistant United States Attorney*


Defendant's Initials: _____

**The United States Department of Justice, Consumer Protection Branch:**

BY: _____    _____
Amanda N. Liskamm                          Date 12.11.2024
Director

_____    _____
Anthony Nardozzi                           Amy L. DeLine
Deputy Director, Criminal                  Assistant Director

_____    _____
JESSICA C. HARVEY                          STEVEN R. SCOTT
Trial Attorney                             Trial Attorney

*Defendant's Initials:* _____