# EXHIBIT B

SUPREME COURT OF THE STATE OF NEW YORK
APPELLATE DIVISION : FIRST JUDICIAL DEPARTMENT
---------------------------------------------X
In the Matter of Martin Eric Elling,
an attorney and counselor-at-law:

                                          NOTICE OF

        Attorney Grievance Committee          ENTRY
        for the First Judicial Department,

                                 Motion No.: 2025-00620
                       Petitioner,     Case No.: 2025-00673

      Martin Eric Elling,
      (OCA Atty. Reg. No.: 2566040),

                         Respondent.
---------------------------------------------X
S I R S:

     PLEASE TAKE NOTICE that the within is a certified copy of

an order duly made in this proceeding and duly entered and

filed in the office of the Clerk of the Supreme Court of the

State of New York, Appellate Division, First Department, on the

1st day of April, 2025.


Dated:  NEW YORK, NEW YORK
       April 4, 2025

                              Yours etc.,

                              JORGE DOPICO
                              Chief Attorney
                              Attorney for Petitioner
                              Attorney Grievance
                              Committee for the First
                              Judicial Department
                              180 Maiden Lane - 17th Floor
TO:  Marjorie J. Peerce, Esq.    New York  New York  10038
     Ballard Sphar, LLP        (212) 401-0800
     1675 Broadway, Floor 19
     New York, New York 10019
     PeerceM@ballardsphr.com    RAYMOND VALLEJO
     Attorney for Respondent     Of Counsel

# Supreme Court of the State of New York
## Appellate Division, First Judicial Department

Present – Hon.   Tanya R. Kennedy          Justice Presiding,
Barbara R. Kapnick
Saliann Scarpulla
Manuel J. Mendez
Marsha D. Michael,         Justices.

---

**Motion No.   2025-00620**
**Case No.     2025-00673**

---

In the Matter of
MARTIN ERIC ELLING
an attorney:

ATTORNEY GRIEVANCE COMMITTEE FOR THE
FIRST JUDICIAL DEPARTMENT,
Petitioner,

MARTIN ERIC ELLING
(OCA ATTY REG. 2566040),
Respondent.

---

Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, Martin Eric Elling, was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the Third Judicial Department on September 2, 1993.

Jorge Dopico, Chief Attorney,
Attorney Grievance Committee, New York
(Raymond Vallejo, of counsel), for petitioner

Marjorie J. Peerce, for respondent.

Motion No. 2025-00620 – February 24, 2025

## In the Matter of Martin Eric Elling, an attorney

PER CURIAM

      Respondent Martin Eric Elling was admitted to the practice of law in the State of New York by the Third Judicial Department on September 2, 1993. At all times relevant to this proceeding, respondent owned a cooperative apartment in the First Judicial Department.

      On January 10, 2024, respondent pleaded guilty, in the United States District Court for the Western District of Virginia to one felony count of Destruction, Alteration, or Falsification of Records in Federal Investigations and Bankruptcy, in violation of 18 USC § 1519. During his plea hearing, respondent admitted that he deleted documents with the intent to impede state and federal investigations. Respondent is scheduled to be sentenced on April 4, 2025.

      By motion dated January 30, 2025, respondent seeks an order, pursuant to Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.10, accepting his resignation as an attorney and counselor-at-law in the State of New York on the ground that the offense of which he was convicted is a "serious crime" as defined by Judiciary Law § 90(4)(d). In support of his application, respondent submitted an affidavit, sworn to January 21, 2025, which conforms to the format set forth in Appendix A to 22 NYCRR 1240.10, and states that he does "not wish to contest the ability of the [AGC] to seek and obtain [his] removal from the roll of attorneys and counselors-at-law based upon [his] guilty plea"; and he "cannot successfully defend against the charge based upon the facts and circumstances of [his] professional conduct."

2

Further, respondent acknowledges that his resignation is freely and voluntarily rendered, without coercion or duress by anyone, and with full awareness of the consequences. Additionally, respondent acknowledges and agrees that pending issuance of an order accepting his resignation, he shall not undertake to represent any new clients or accept any retainers for future legal services to be rendered and that there will be no transactional activity in any fiduciary account to which he has access, other than for payment of funds held therein on behalf of clients or others entitled to receive them. He understands further that, in the event the Court accepts his resignation, the order resulting from this application and the records and documents filed in relation to the aforementioned allegations, including his affidavit, shall be deemed public records pursuant to Judiciary Law § 90(10).

The Attorney Grievance Committee (AGC) does not oppose. It states that respondent's application is compliant with 22 NYCRR 1240.10 and includes the requisite admissions. In addition, the AGC cites caselaw in which this Court has accepted the disciplinary resignations of attorneys who have been convicted of felonies (*see Matter of Wise*, 220 AD3d 45 [1st Dept 2023]; *Matter of Pilon*, 184 AD3d 49 [1st Dept 2020]).

In light of the foregoing, we accept respondent's resignation *(see e.g. Matter of Fisher*, 210 AD3d 1 [1st Dept 2022]; *Matter of Berman*, 200 AD3d 104 [1st Dept 2021]; *Matter of Dubal*, 151 AD3d 34 [1st Dept 2017]). Here, respondent concedes that his offense meets Judiciary Law § 90(4)(d)'s definition of a "serious crime" and his affidavit conforms with 22 NYCRR 1240.10. Moreover, this Court has previously accepted a disciplinary resignation based on a federal felony conviction prior to sentencing *(see e.g. Matter of Bristol*, 94 AD3d 85, 88 [1st Dept 2012] [accepting resignation of attorney

3

convicted of conspiracy to commit money laundering and opining that "[u]nder such circumstances, in lieu of undertaking the protracted and time-consuming additional tasks necessary to determining whether disbarment is appropriate, where respondents have submitted their resignations, this Court has simply accepted the respondents' resignations"]).

Accordingly, respondent's motion is granted, his resignation accepted, and his name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective nunc pro tunc to January 21, 2025 (date of affidavit).

All concur.

Wherefore, it is Ordered that the motion of respondent, Martin Eric Elling, to resign as an attorney and counselor-at-law pursuant to 22 NYCRR 1240.10 is granted, and respondent is disbarred from the practice of law in the State of New York, effective nunc pro tunc to January 21, 2025; and

It is further Ordered that, pursuant to Judiciary Law § 90, respondent, Martin Eric Elling, is commanded to desist and refrain from (1) the practice of law in any form, either as principal or agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and

It is further Ordered that, respondent, Martin Eric Elling, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15), which are made part hereof; and

It is further Ordered that if respondent, Martin Eric Elling, has been issued a

secure pass by the Office of Court Administration, it shall be returned forthwith.

Entered:  April 1, 2025

Susanna Molina Rojas
Clerk of the Court

Appellate Division, First Judicial Department
**22 NYCRR § 1240.15**

§ 1240.15 Conduct of Disbarred or Suspended Attorneys

(a) Prohibition Against Practicing Law. Attorneys disbarred or suspended shall comply with Judiciary Law §§478, 479, 484 and 486. After entry of an order of disbarment or suspension, the affected respondent shall not accept any new retainer or engage in any new case or legal matter of any nature as attorney for another. However, during the period between the entry date of the order and its effective date, the respondent may wind up and complete, on behalf of any client, all matters which were pending on the entry date.

(b) Notification of Clients. Within 10 days of the date of entry of an order of suspension or disbarment, the affected respondent shall notify, by certified mail and, where practical, electronic mail, each client of the respondent, the attorney for each party in any pending matter, the court in any pending matter, and the Office of Court Administration for each action where a retainer statement has been filed pursuant to court rules. The notice shall state that the respondent is unable to act as counsel due to disbarment or suspension. A notice to a respondent's client shall advise the client to obtain new counsel. A notice to counsel for a party in a pending action, or to the Office of Court Administration in connection with an action where a retainer statement has been filed pursuant to court rule, shall include the name and address of the respondent's client. Where counsel has been appointed by a court, notice shall also be provided to the appointing court.

(c) Duty to Return Property and Files. Within 30 days of the date of entry of the order of suspension or disbarment, the affected respondent shall deliver to all respondent's clients or third parties, or to a successor attorney designated by such clients or third parties, all money and property (including legal files) in the possession of the respondent to which such clients or third parties are entitled.

(d) Discontinuation of Attorney Advertising. Within 30 days of the date of entry of the order of suspension or disbarment, the affected respondent shall discontinue all public and private notices through advertising, office stationery and signage, email signatures, voicemail messages, social media, and other methods, that assert that the respondent may engage in the practice of law.

(e) Forfeiture of Secure Pass. Within 30 days of the date of entry of the order of suspension or disbarment, the affected respondent shall surrender to the Office of Court Administration any Attorney Secure Pass issued to him or her.

(f) Affidavit of Compliance. Within 45 days after the date of service of the order of disbarment or suspension, the affected respondent shall file with the Court, together with proof of service upon the Committee, an affidavit in the form in Appendix B to these Rules showing a current mailing address for the respondent and that the respondent has complied with the order and these Rules.

(g) Compensation. A respondent who has been disbarred or suspended from the practice of law may not share in any fee for legal services rendered by another attorney during the period of disbarment or suspension but may be compensated on a quantum meruit basis for services rendered prior to the effective date of the disbarment or suspension. On motion of the respondent, with notice to the respondent's client, the amount and manner of compensation shall be determined by the court or agency where the action is pending or, if an action has not been commenced, at a special term of the Supreme Court in the county where the respondent maintained an office. The total amount of the legal fee shall not exceed the amount that the client would have owed if no substitution of counsel had been required.

(h) Required Records. A respondent who has been disbarred or suspended from the practice of law shall keep and maintain records of the respondent's compliance with this rule so that, upon any subsequent proceeding instituted by or against the respondent, proof of compliance with this rule and with the disbarment or suspension order or with the order accepting resignation will be available.

SUPREME COURT OF THE STATE OF NEW YORK
APPELLATE DIVISION : FIRST JUDICIAL DEPARTMENT

In the Matter of Martin Eric Elling,
an attorney and counselor-at-law:

Attorney Grievance Committee
for the First Judicial Department,

Petitioner,

Martin Eric Elling,
(OCA Atty. Reg. No.: 2566040),

Respondent.

**NOTICE OF ENTRY**

**JORGE DOPICO**
Chief Attorney
Attorney for Petitioner

ATTORNEY GRIEVANCE COMMITTEE
180 Maiden Lane - 17th Floor
New York, New York 10038
(212) 401-0800

**RAYMOND VALLEJO**
Of Counsel