# EXHIBIT C

# FRAGOMEN

**Fragomen (Thailand) Co. Ltd.**

No. 944 Mitrtown Office Tower,
Suite No. 1701, 17th Floor, Rama IV Road,
Wangmai Sub-district, Pathumwan
District, Bangkok 10330, Thailand

T: +66 02 502 9600

www.fragomen.com/offices/bangkok.html

March 14, 2025

Ballard Spahr, LLP
1675 Broadway, Floor 19
New York, NY 10019
USA

Dear Ms. Peerce & Mr. Hundley:

As per your request we are writing to provide our opinion about the Thai immigration consequences for your client, Mr. Martin E. Elling arising out of his conviction in federal court in Virginia. The following is the information that you have provided to us about this matter:

Mr. Elling is currently holding a Thai 10-years Long Term Resident visa which will expire in November 2032. He has been living in Thailand since 2019 and wishes to continue doing so. In Thailand he owns an apartment and a small business that is presently inactive other than owning a few apartments. On January 10, 2025, Mr. Elling pleaded guilty in Federal Court in Virginia to one felony count of obstruction of justice related to his deletion of electronic documents in a federal investigation. Under the terms of his plea agreement, he faces a sentence in the range of zero months to twelve months imprisonment. As such, Mr. Elling is free to seek a non-incarcerative term of probation, and the U.S. government may seek a sentence not to exceed twelve months imprisonment. Mr. Elling is currently scheduled to be sentenced on May 22, 2025, before the Honorable Robert S. Ballou of the U.S. District Court for the Western District of Virginia. After his guilty plea, the Court released Mr. Elling on a $25,000 unsecured, personal recognizance bond and allowed him to return to Thailand pending sentencing.

You asked us to advise on the likely implications of him being able to return to live in Thailand, if he is sentenced to a term of imprisonment, as opposed to a term of probation without imprisonment. Thus, per this letter, I am providing my opinion about this matter. You also asked me to provide information about my background and ability to advise on this matter. I am a graduate of Chulalongkorn University Law School in Thailand, with 30 years' experience in Immigration Law. I previously served as Head of the Immigration & Employment Department of Dej-Udom & Associates Law Firm. In 2023, I became head of the newly established Fragomen (Thailand) Co. Ltd., which is part of Fragomen Worldwide, a US-based global immigration law firm. During my career I have routinely provided advice on all aspects of Thai Immigration Laws and regulations and advised many foreigners with complicated immigration issues.

After being informed by you about the facts of the case, we have researched the provision of law in the Thai "Immigration Act" (the Act) B.E. 2522 (1979). Section 12 of the Act stipulates that a foreigner falling into any of twelve enumerated categories is excluded from entering the Kingdom. (See Immigration Act, Section 12 at Exh. 1) I consider the only section relevant to this matter is Section 12(6) of the Act which states as follows:

(6). Having been imprisoned by a judgement of a Thai court or by a lawful injunction or by a judgement of a court of foreign country, except for punishment for petty offence or offence committed through negligence or as an offense provided as exemption in the Ministerial Regulations;

According to the Act, since he already pled guilty to a felony offence, the main factor that would prevent Mr. Elling from entering Thailand will be based on **whether he will be imprisoned under a judgement of the Court or not**.

In my opinion Section 12(6) shall not apply to Mr. Elling if the U.S. Court only sentences him to a period of probation without imprisonment.

However, according to Section 12(6), if the foreigner has been convicted by the U.S. Court and is imprisoned for a felony offence, it is my opinion that it is highly likely that the individual will not be permitted to enter Thailand.

The Immigration Act does not explicitly define the terms "imprisoned" or "imprisonment." However, it does mention imprisonment in the context of individuals who have been imprisoned by the judgement of a Thai court or a foreign court, except for a petty offence or negligence. If the person is sentenced to probation with a fine payment or other conditions with no actual period of imprisonment term, Section 12(6) shall not apply to him.

Regarding the Ministerial Regulations referenced under Article 12(6) of the Immigration Act after conducting a thorough search as well as consulting with the Immigration Legal Division, we have confirmation that to date no Ministerial Regulations referenced in Article 12(6) has ever been issued.

If Mr. Elling is imprisoned for the felony offence of obstruction of justice, it is my opinion that it is highly likely that this will result in him not being permitted to enter Thailand. Under these circumstances, it would be necessary for Thai counsel to appeal to the Minister of Interior for approval for him to return to Thailand on the basis that he has completely served his sentence and is not a risk to the public. However, there is no assurance that approval would be given. The process, which could not begin until Mr. Elling completes any term of imprisonment in the U.S., would involve making a special appeal to the Minister of Interior, which in my opinion would be declined, if Mr. Elling is unable to provide justifiable reasons why an exception should be made in his case. The decision by the Minister would be based solely on the discretion of the Authorities involved and would depend whether it was considered there was justifiable cause. In

addition, while such proceedings are taking place, Mr. Elling would be banned from entering Thailand and be unable to continue any of his activities in the Kingdom.

Thus, it is our opinion, based on our experience and knowledge of Thai Immigration Laws, and how such law would apply to the matters presented in this case, if Mr. Elling is sentenced to any term of imprisonment, he will be prevented from returning to Thailand. If an appeal is made to the Minister of Interior requesting permission for him to be allowed to return to Thailand, the process would take time, be complicated, and the outcome is uncertain.

To summarize, under the Immigration Act, the main factor that could cause Mr. Elling to be prevented from entering into the country under this Act would be:

**Having been imprisoned under a U.S. court judgement.**

We hope this information is helpful. If you have further questions, please contact us.

Respectfully,

Aim-on Larpisal
Partner

## Chapter 2

## Entering and Exiting the Kingdom

_____

Section 11.   A person entering or exiting the Kingdom shall enter or exit through port of entry, immigration checkpoint, terminal area, station, or locality and at the prescribed times as published in the Government Gazette by the Minister.

Section 12.   Aliens falling into any of the following categories are excluded from entering the Kingdom —

(1) Having no valid and subsisting passport or travel document or having the same but without a visa stamp by a Royal Thai Embassy or Consulate in a foreign country or from the Ministry of Foreign Affairs, except in a case where a visa stamp is not required for certain types of aliens under special circumstances.

Visa stamping and its exemption shall be in accordance with the criteria, procedures and conditions prescribed in the Ministerial Regulations.

Fees for visa stamping in (1) shall be paid as prescribed in the Ministerial Regulations.[3]

(2) Having no appropriate means of living on entering the Kingdom;

(3) Entering the Kingdom to earn livelihood as a labourer or to be hired to do physical work and not skilled, or technical work, or to do other works in violation of alien working laws;

(4) Being of unsound mind or having any of the diseases as prescribed in the Ministerial Regulations;

(5) Having not been inoculated against smallpox or undergone vaccination or

---

[3] Section 12 (1) paragraph three as added by the Immigration Act (No. 2), B.E. 2523 (1980)

**DISCLAIMER:** THIS TEXT HAS BEEN PROVIDED FOR EDUCATIONAL/ COMPREHENSION PURPOSES AND CONTAINS NO LEGAL AUTHORITY. THE OFFICE OF THE COUNCIL OF STATE SHALL ASSUME NO RESPONSIBILITY FOR ANY LIABILITIES ARISING FROM THE USE AND/OR REFERENCE OF THIS TEXT. THE ORIGINAL THAI TEXT AS FORMALLY ADOPTED AND PUBLISHED SHALL IN ALL EVENTS REMAIN THE SOLE AUTHORITY HAVING LEGAL FORCE.

any other medical operation for protection against communicable diseases as provided by law and having not allowed the immigration physician to do so;

(6) Having been imprisoned by a judgement of a Thai court or by a lawful injunction or by a judgement of a court of foreign country, except for punishment for petty offence or offence committed through negligence or as provided as exemption in the Ministerial Regulations;

(7) Having been indicated under certain circumstances as likely to cause disruption jeopardizing public peace or safety or the Kingdom security or being a person with warrant of arrest issued by a foreign government;

(8) Having been indicated under certain circumstances as likely to engage in prostitution, woman or child trafficking, drug trafficking, evasion of customs duty, or to engage in other activities contrary to public order or good morals;

(9) Having no money or bond as prescribed by the Minister's publication under Section 14;

(10) Being prohibited from entering the Kingdom by the Minister under Section 16;

(11) Being deported by the Government of Thailand or the Government of a foreign country, or the right of stay in the Kingdom or in foreign country having been revoked, or having been repatriated from the Kingdom by competent official at the expenses of the Government of Thailand, unless the Minister may consider exemption on a basis of special individual case.

The examination and diagnosis of physical disease or mental disorder including preventive operations against communicable disease, shall be conducted by the Immigration Physician.

**Section 13.**   The following aliens shall be exempted from requirements to have a passport or travel document:

**DISCLAIMER:** THIS TEXT HAS BEEN PROVIDED FOR EDUCATIONAL/ COMPREHENSION PURPOSES AND CONTAINS NO LEGAL AUTHORITY. THE OFFICE OF THE COUNCIL OF STATE SHALL ASSUME NO RESPONSIBILITY FOR ANY LIABILITIES ARISING FROM THE USE AND/OR REFERENCE OF THIS TEXT. THE ORIGINAL THAI TEXT AS FORMALLY ADOPTED AND PUBLISHED SHALL IN ALL EVENTS REMAIN THE SOLE AUTHORITY HAVING LEGAL FORCE.