AO 245B  (Rev. 09/19 - VAW Additions 08/22) Judgment in a Criminal Case
         Sheet 1

CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
June, 12, 2025
LAURA A. AUSTIN, CLERK
BY:/s/ KELLY BROWN
    DEPUTY CLERK

# UNITED STATES DISTRICT COURT
## Western District of Virginia

UNITED STATES OF AMERICA

V.

MARTIN ERIC ELLING

### JUDGMENT IN A CRIMINAL CASE

Case Number:  DVAW124CR000045-001

Case Number:

USM Number:  54838-511

Thomas Bondurant, John Hundley, Marjorie Peerce, retained
Defendant's Attorney

## THE DEFENDANT:

☒ pleaded guilty to count(s)      1

☐ pleaded nolo contendere to count(s)
   which was accepted by the court.

☐ was found guilty on count(s)
   after a plea of not guilty,

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 1519 | Knowingly Destroy Documents and Tangible Objects with the Intent to Impede, Obstruct, and Influence the Investigation and Proper Administration of a Matter Within the Jurisdiction of the United States Department of Justice | 9/2018 | 1 |

The defendant is sentenced as provided in pages 2 through ____7____ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☐ Count(s) _____ ☐ is ☐ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

5/22/2025
Date of Imposition of Judgment

*Robert S. Ballou*

Signature of Judge

Robert S. Ballou, United States District Judge
Name and Title of Judge

June 12, 2025
Date

Judgment - Page   2   of    7   

DEFENDANT:   MARTIN ERIC ELLING
CASE NUMBER:  DVAW124CR000045-001

# IMPRISONMENT

      The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of:

6 months

☒  The court makes the following recommendations to the Bureau of Prisons:

That Defendant be designated to minimum security satellite camp at FCI Otisville, in upstate New York, and that he be allowed to report no later than 60 days from the date of the imposition of this judgment.

☐  The defendant is remanded to the custody of the United States Marshal.

☐  The defendant shall surrender to the United States Marshal for this district:

    ☐  at _____ ☐ a.m.  ☐ p.m.   on _____

    ☐  as notified by the United States Marshal.

☒  The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐  before_____ on _____

    ☒  as notified by the United States Marshal.

    ☐  as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

a _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B    (Rev. 09/19 - VAW Additions 08/22)  Judgment in a Criminal Case
       Sheet 3 — Supervised Release

| | |
|---|---|
| DEFENDANT:    MARTIN ERIC ELLING | Judgment-Page    3    of    7 |
| CASE NUMBER: DVAW124CR000045-001 | |

# SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of :

2 years.  Defendant is to complete his supervised release in the United States.  Defendant is ordered to complete 1000 hours of community service with any 501(c)(3) organization in the area of substance abuse and substance abuse recovery.  If defendant completes his 1000 hours prior to the expiration of the 2 years, then he may seek to terminate his supervision early.

# MANDATORY CONDITIONS

1.   You must not commit another federal, state or local crime.
2.   ☐ You must make restitution in accordance with sections 3663 and 3663A, or any other statute authorizing a sentence of restitution. *(check if applicable)*
3.   You must not unlawfully possess a controlled substance.
4.   You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
        ☒ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*
5.   ☒ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
6.   ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
7.   ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

AO 245B    (Rev. 09/19 - VAW Additions 08/22) Judgment in a Criminal Case
Sheet 3A — Supervised Release

| | Judgment-Page | 4 | of | 7 |
|---|---|---|---|---|

DEFENDANT:    MARTIN ERIC ELLING
CASE NUMBER: DVAW124CR000045-001

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1.  You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2.  After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3.  You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4.  You must answer truthfully the questions asked by your probation officer.
5.  You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6.  You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7.  You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8.  You must not communicate or interact with someone you know is engaged in criminal activity.
9.  If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions , available at: www.uscourts.gov.*

Defendant's Signature _____    Date _____

AO 245B    (Rev. 09/19 - VAW Additions 08/22) Judgment in a Criminal Case
Sheet 3D - Supervised Release

DEFENDANT:    MARTIN ERIC ELLING
CASE NUMBER:  DVAW124CR000045-001

Judgment-Page    5    of    7

## SPECIAL CONDITIONS OF SUPERVISION

1. The defendant shall reside in a residence free of firearms, ammunition, destructive devices, and dangerous weapons.

2. The defendant shall be permitted to travel freely within the United States with the approval of his supervising officer.

AO 245B    (Rev. 09/19 - VAW Additions 08/22) Judgment in a Criminal Case
Sheet 5 - Criminal Monetary Penalties

|  |  |  |  |
|---|---|---|---|
| DEFENDANT: | MARTIN ERIC ELLING | Judgment-Page | 6 of 7 |
| CASE NUMBER: | DVAW124CR000045-001 |  |  |

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Restitution** | **Fine** | **AVAA Assessment*** | **JVTA Asssssment**** |
|---|---|---|---|---|---|
| **TOTALS** | $ 100.00 | $ | $ 40,000.00 | $ | $ |

☐ The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
|  |  |  |  |

| **TOTALS** | | |
|---|---|---|
| | _____ | _____ |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☐ the interest requirement is waived for the    ☐ fine  ☐ restitution.

☐ the interest requirement for the    ☐ fine  ☐ restitution is modified as follows:

* Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
** Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
*** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

Case 1:24-cr-00045-RSB-PMS   Document 54   Filed 06/12/25   Page 7 of 7
Pageid#: 603

DEFENDANT:   MARTIN ERIC ELLING

CASE NUMBER:  DVAW124CR000045-001

Judgment - Page  7  of  7

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, the total criminal monetary penalties are due immediately and payable as follows:

A ☒  Lump sum payment of $ 40,100.00 _____ immediately, balance payable

        ☐  not later than _____ , or

        ☐  in accordance with  ☐ C,  ☐ D,  ☐ E,  ☐ F or,  ☐ G below); or

B ☐  Payment to begin immediately (may be combined with  ☐ C,  ☐ D,  ☐ F, or  ☐ G  below); or

C ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of
    _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of
    _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a
    term of supervision; or

E ☐  Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from
    imprisonment.  The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F ☐  During the term of imprisonment, payment in equal _____ (e.g., weekly, monthly, quarterly) installments of
    $ _____ , or _____ % of the defendant's income, whichever is  greater  , to commence _____ (e.g., 30 or
    60 days) after the date of this judgment; AND payment in equal _____ (e.g., weekly, monthly, quarterly)
    installments of $ _____ during the term of supervised release, to commence _____ (e.g., 30 or 60 days)
    after release from imprisonment.

G ☒  Special instructions regarding the payment of criminal monetary penalties:

    The defendant has previously paid monies into the court registry in excess of $40,100.00.  The Clerk is ordered to
    return the overpayment to the defendant.

Pursuant to 18 U.S.C.§3612(b)(F), if other than immediate payment is permitted, a requirement that, until the fine or restitution order is paid in full, the defendant shall notify the Attorney General of any change in the mailing address or residence of the defendant not later than thirty days after the change occurs.

Any installment schedule shall not preclude enforcement of the restitution or fine order by the United States under 18 U.S.C §§ 3613 and 3664(m).

Any installment schedule is subject to adjustment by the court at any time during the period of imprisonment or supervision, and the defendant shall notify the probation officer and the U.S. Attorney of any change in the defendant's economic circumstances that may affect the defendant's ability to pay.

All criminal monetary penalties shall be made payable to the Clerk, U.S. District Court, 210 Franklin Rd., Suite 540, Roanoke, Virginia 24011.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

Any obligation to pay restitution is joint and several with other defendants, if any, against whom an order of restitution has been or will be entered.

☐ Joint and Several

    Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and
    corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order:  (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.